UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TODD KOPP and CAROL KOPP,

    Plaintiffs,

v.                                            CASE NO.: 8:09-cv-1109-T-23MAP

MERITPLAN INSURANCE COMPANY,

    Defendant.
_____/

**ORDER**

The plaintiffs (the "insureds") sued in state court (Doc. 2) for a declaratory judgment of the insureds' rights under an insurance policy. The defendant (the "insurer") removed and moved for an order staying this action and compelling mediation. An August 4, 2009, order (Doc. 8) stayed and administratively closed this action pending mediation. Pursuant to Section 627.7074(3), Florida Statutes, the insurer requested participation in the "neutral evaluation program," which provides an alternative method of resolving a claim for sinkhole-related damage.[1] On February 9, 2010, the neutral evaluator issued a report (Doc. 14-3). The insureds move (Doc. 13) for an order that "deem[s] that [the] [d]efendant has waived its opportunity to accept the neutral evaluator's recommendations."

---

[1] Section 627.7074(3) states that "[f]ollowing the receipt of the report provided under s. 627.7073 or the denial of a claim for a sinkhole loss, the insurer shall notify the policyholder of his or her right to participate in the neutral evaluation program under this section." Neutral evaluation is non-binding but mandatory upon the request of either party.

The insureds state (Doc. 13) that they notified the insurer of the insureds' willingness "to accept the neutral evaluator's report" but received no response from the insurer. In response, the insurer states (Doc. 14) (1) that the insurer consistently treated the insureds' claim as covered by the policy; (2) that, upon the insureds' procuring a "grouting" contract, the insurer intended to pay benefits "consistent with Chapter 627, Florida Statutes[,] and the terms of the policy;"[2] (3) that "shortly after the neutral evaluator's report was finalized, on March 1, 2010, [the insureds'] counsel, in complete disregard of the terms of the neutral evaluation, formally demanded more than twice [the] policy limits;" and (4) that the insurer "interpreted [the insureds'] March 1, 2010[,] demand . . . as a pre-emptive refusal of [the insurer's] willingness to pay benefits consistent with the neutral evaluator's report . . . ."

"[W]aiver is the 'intentional relinquishment or abandonment of a known right.'" United States v. Olano, 507 U.S. 725, 733 (1993) (quoting Johnson v. Zerbst, 304 U.S. 458, 464 (1938)). In this action, the insureds show neither intentional relinquishment nor abandonment of the neutral evaluation process by the insurer.[3] The insurer both accepts the neutral evaluator's report and states that the insurer will pay benefits due under the policy in accord with the report. Accordingly, the insureds' motion (Doc. 13) is **DENIED**. Because the insurer accepts the neutral evaluator's report, the insureds are **ORDERED TO SHOW CAUSE** no later than **May 17, 2010**, (1) why the insurer should

---

[2] The insurer submits copies of letters sent to the insureds, which letters each request that the insureds procure a signed grouting contract. The insurer sent the first letter in May, 2008, and, because the insurer received no grouting contract from the insureds, continued sending letters through March, 2009.

[3] Section 627.7074 contains no deadline by which an insurer must accept the neutral evaluator's report.

- 2 -

not be ordered to pay benefits consistent with the neutral evaluator's report and (2) why the insureds' attorney's fees should not be limited to $2,500.00, as prescribed by Section 627.7074(14), Florida Statutes.

ORDERED in Tampa, Florida, on May 11, 2010.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE