UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TODD KOPP and CAROL KOPP,

        Plaintiffs,

v.                                         Case No. 8:09-cv-1109-T-23MAP

MERITPLAN INSURANCE COMPANY,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

      Plaintiffs Todd and Carol Kopp (the "Kopps"), insureds covered under a homeowners insurance policy with Defendant Meritplan Insurance Company ("Meritplan"), brought this action seeking a declaration as to the rights and obligations of the parties under the terms of the policy (doc. 2). By the instant motion, the Kopps seek an award of attorney's fees, interest, and costs (doc. 26). Meritplan does not dispute the Kopps' entitlement to attorney's fees; rather, it disputes the amount the Kopps seek and their claim to interest on that amount (docs. 29, 31). More particularly, it contends an award of fees should be limited to that provided for in Section 627.7074(14), Florida Statutes; namely the fees associated with that statute's mediation scheme, as opposed to the fees expended in the instant action, which the Kopps claim is rightly theirs under Section 627.428, Florida Statutes. After consideration, I find Meritplan's arguments persuasive and recommend the Kopps' motion be granted to the extent that Meritplan pay the Kopps $1,050 in attorneys' fees; in all other respects, the motion should be denied.

    *A. Background*

      Prior to filing suit, the Kopps discovered damage to their property and notified Meritplan of

the damage. Meritplan then conducted the requisite geo-technical investigation in accordance with Chapter 627, Florida Statutes, to determine the cause of the damage. After determining sinkhole activity could not be ruled out as a contributing cause of the damage to the Kopps' property, Meritplan informed the Kopps it would provide payment for grouting work upon receipt of alternative grouting estimates or a signed grouting contract from the insureds. Although Meritplan later provided a check to the Kopps for some other cosmetic damages, it did not provide payment for the grouting repairs. *See* doc. 14.[1] According to Meritplan, the Kopps never provided the requested information despite Meritplan's repeated requests, so Meritplan never paid the Kopps for those repairs. *See id*. Meritplan did not dispute coverage, but rather required the Kopps to provide the information in order to process their claim and pay for the repairs.

After not receiving payment for the repairs to their property, the Kopps initially filed suit in state court seeking a declaration as to their rights and obligations under the homeowners insurance policy they entered into with Meritplan (doc. 2). Meritplan subsequently removed the case to federal court on the basis of diversity (doc. 1). One week after removing the case to federal court, and before filing a responsive pleading,[2] Meritplan filed a motion requesting the Court compel mediation pursuant to the terms of the policy and seeking a stay of the proceedings pending completion of the alternative dispute resolution process (doc. 4). The Kopps opposed Meritplan's request and instead sought litigation or an appraisal, which they argued would be binding (doc. 6). After consideration, the Court determined mediation provided the appropriate procedural mechanism for expeditiously

---

[1] Exhibit B to doc. 14 chronicles about a year's correspondence from Meritplan to the Kopps regarding the need for the Kopps to provide a signed grouting contract.

[2] Indeed, Meritplan never filed a responsive pleading in this action.

resolving the matter, especially given the parties' agreement to mediate at either party's election and the relatively small amount at issue (doc. 8). Accordingly, the Court granted Meritplan's motion to compel mediation, stayed the action pending mediation, directed the Clerk to administratively close the case and directed the parties to file a status report.

Thereafter, the parties engaged in the neutral evaluation process as set forth in Section 627.7074, Florida Statutes. Meritplan filed a status report informing the Court that the Florida Department of Financial Services appointed a neutral evaluator/mediator, who was working to complete an assessment of the cause of conditions affecting the Kopps' residence and the appropriate remedial measures to employ (doc. 9). Subsequently, the Kopps filed a motion requesting the Court deem Meritplan's alleged failure to timely respond to the neutral evaluator's report as a waiver (doc. 13). According to the Kopps, Meritplan failed to timely accept the neutral evaluator's report because the Kopps had put Meritplan on notice of their acceptance of the neutral evaluator's report and 65 days had elapsed since the neutral evaluator issued his report with no response from Meritplan. Though the Kopps acknowledged the applicable statute "does not define the amount of time an insurer has to accept the neutral evaluator's report other than to say that the acceptance must be in writing an [sic] timely," they argued Meritplan did not timely accept the neutral evaluator's recommendations and therefore waived accepting same (*id.*). In response, Meritplan requested, among other things, the Court deem the Kopps' motion to be an offer to accept benefits under the policy consistent with the neutral evaluator's report, deem Meritplan's response as an express acceptance to pay benefits under the policy consistent with the neutral evaluator's report, direct Meritplan to pay benefits under the policy consistent with the neutral evaluator's report, and limit the Kopps' attorney's fees to no more than $2,500, as prescribed by Section 627.7074(14), Florida

Statutes (doc. 14).

After review, the Court denied the Kopps' motion and directed them to show cause why Meritplan should not be ordered to pay benefits consistent with the neutral evaluator's report given Meritplan's acceptance of the report and why the Kopps' attorney's fees should not be limited to $2,500 (doc. 15). Finding the Kopps' arguments to the contrary unpersuasive, the Court found Meritplan timely accepted the neutral evaluator's report and ordered Meritplan to pay benefits in conformity therewith (doc. 18). The Court further directed the parties to address the issue of attorney's fees by separate motion and to seek an order vacating the stay and re-opening the case prior to engaging in any discovery. Meritplan then paid the Kopps in accordance with the Court's order (doc. 19). The Kopps' filed the instant motion seeking attorney's fees for the neutral evaluation process as well as litigation expenses, interest, and costs (doc. 26).

    *B. Discussion*

        *1. Attorney's Fees*

By their motion, the Kopps seek attorney's fees in the amount of $1,602.00[3] for the neutral evaluation process and $21,407.00[4] for the litigation of this matter. In addition, the Kopps request interest at the statutory rate as well as application of a fee multiplier due to the contingent nature of their fee agreement with counsel. Meritplan does not dispute the Kopps' entitlement to fees but rather the amount of the potential fee award. According to Mertiplan, the Kopps are entitled to

---

[3] The Kopps compute this amount as follows: (1) Attorney Kelly Kubiak - 2.6 hours at $450.00 per hour for a total of $1,170.00 and (2) paralegal - 2.7 hours at $160.00 per hour for a total of $432.00.

[4] The Kopps compute this amount as follows: (1) Attorney Kelly Kubiak - 39.5 hours at $450.00 per hour for a total of $17,775.00 and (2) paralegal - 22.7 hours at $160.00 per hour for a total of $3,632.00.

receive only statutory fees in an amount up to $2,500, as prescribed by Section 627.7074(14), Florida Statutes, but not to receive fees for the litigation of this matter or to receive application of a fee multiplier.

The Kopps eschew Section 627.7074, Florida Statutes, and advance Section 627.428, Florida Statutes, as the operative source for an award of attorney's fees.[5] That section provides:

> Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.

Fla. Stat. § 627.428(1). In Florida, therefore, an insured is entitled to attorney's fees where a dispute arises between an insurer and an insured resulting in the incorrect denial of benefits and thereby necessitating litigation to enforce insurance contracts. Under this framework, the existence of an actual dispute between the insured and the insurer, rather than the mere possibility of a dispute, resulting in a refusal to pay a legitimate claim provides the basis for an award of attorney's fees. *See Ivey v. Allstate Ins. Co.*, 774 So.2d 679, 684 (Fla. 2000) (noting "[i]f a *dispute* arises between an insurer and an insured, and judgment is entered in favor of the insured, he or she is entitled to attorney's fees. It is the incorrect denial of benefits, not the presence of some sinister concept of 'wrongfulness,' that generates the basic entitlement to the fees if such denial is incorrect.") (emphasis added); *see Equitable Life Assurance Soc'y of U.S. v. Nichols*, 84 So.2d 500, 502 (Fla.

---

[5] Meritplan removed this case to federal court on the basis of diversity jurisdiction and the Court therefore applies the substantive law of Florida. *Erie R.R. Co. v. Tompkins,* 304 U.S. 64 (1938). For purposes of determining attorney's fees, Section 627.428 is considered substantive law. *See All Underwriters v. Weisberg*, 222 F.3d 1309, 1312 (11th Cir. 2000) ("[W]e hold that Fla. Stat. § 627.428 is substantive law for *Erie* purposes.").

1956) (finding under predecessor statute that "[t]his statute has consistently been interpreted by this court as authorizing the recovery of attorney's fees from the insurer *only when the insurer has wrongfully withheld payment of the proceeds of the policy*.")(emphasis added); *Lewis v. Universal Property and Cas. Ins. Co.*, 13 So.3d 1079, 1081 (Fla. 4th DCA 2009) ("Florida's cases have uniformly held that a section 627.428 attorney's fee award may be appropriate where, *following some dispute as to the amount owed by the insurer*, the insured files suit and, *thereafter*, the insurer invokes its right to an appraisal and, as a consequence of the appraisal, the insured recovers substantial additional sums) (emphasis added); *First Floridian Auto & Home Ins. Co. v. Myrick*, 969 So.2d 1121, 1124 (Fla. 2d DCA 2007) ("An insurer will owe attorney's fees to its insured where *coverage is disputed* and the insured prevails whether by judgment or confession of judgment.") (emphasis added); *see Fireman's Fund Ins. Co. v. Tropical Shipping and Const. Co., Ltd.,* 254 F.3d 987, 1010 (11th Cir. 2001) (noting the language of Section 627.428 is strictly construed because it "is in the nature of a penalty against an insurer *who wrongfully refuses to pay a legitimate claim*" and authorizes recovery of attorney's fees from the insurer "only when the insurer *has wrongfully withheld payment of the proceeds of the policy*.") (emphasis added) (quotations and citations omitted). Thus, where no dispute exists between the insurer and the insured, or where benefits were not wrongfully withheld, an award of attorney's fees under Section 627.428 is not warranted. Indeed, Florida courts have consistently held that the purpose of the provision is to discourage insurance companies from contesting valid claims or engaging in dilatory conduct in processing claims and therefore forcing insureds to engage in unnecessary litigation to enforce the terms of an insurance policy. *Insurance Co. of North America v. Lexow*, 602 So. 2d 528, 531 (Fla. 1992) ("Florida courts have consistently held that the purpose of section 627.428 and its predecessor is to

discourage the contesting of valid claims against insurance companies and to reimburse successful insureds for their attorney's fees when they are compelled to defend or sue to enforce their insurance contracts."); *Danis Indus. Corp. v. Ground Improvement Techniques, Inc.*, 645 So.2d 420, 421 (Fla. 1994) (*per curiam*) (same); *Trans Coastal Roofing Co., Inc. v. David Boland, Inc.*, 309 F.3d 758, 760-61 (11th Cir. 2002) (same); *see generally Ivey*, 774 So.2d at 684 (stating "[i]t is clear to us that the purpose of this provision is to level the playing field so that the economic power of insurance companies is not so overwhelming that injustice may be encouraged because people will not have the necessary means to seek redress in the courts.").

In this instance, Meritplan has not disputed sinkhole damage since the outset and has never denied coverage for the damage to the Kopps' property. Meritplan endeavored to pay benefits consistent with the policy contingent upon the Kopps entering into a contract for grouting and providing Meritplan with such contract. After the Kopps failed for nearly a year to provide the contract, which Meritplan required to properly process the Kopps' claim, the Kopps filed the instant lawsuit. Almost immediately after suit was filed, Meritplan moved for a stay and for an order compelling mediation (doc. 4). Meritplan invoked its right to engage in the neutral evaluation process. The Court administratively closed the case and directed the parties to engage in alternative dispute resolution. Subsequently, the neutral evaluator issued his report finding sinkhole damage and estimating the amount of damage above the policy limits. Notwithstanding the Kopps' contention that Meritplan waived acceptance of the neutral evaluator's report, the Court found Meritplan accepted the neutral evaluator's recommendations and Meritplan paid the Kopps in conformity therewith. Accordingly, except for the complaint, the only issues presented to this Court relate specifically to the neutral evaluation process. The parties have not engaged in any discovery

or moved to reopen the case. Most importantly, the Kopps have never demonstrated the existence of a dispute between themselves and Meritplan which would necessitate the filing of this lawsuit. Given the posture of this case, therefore, the Kopps fail to demonstrate entitlement to attorney's fees or interest for the "litigation" of this matter or to application of a fee multiplier.

Instead, the fees for the neutral evaluation process constitute the only fees to which the Kopps should be entitled. Pursuant to Section 627.7074(14), Florida Statutes, an insured is entitled to an award of attorney's fees for the neutral evaluation process as follows:

> If the neutral evaluator first verifies the existence of a sinkhole and, second, recommends the need for and estimates costs of stabilizing the land and any covered structures or buildings and other appropriate remediation or structural repairs, which costs exceed the amount that the insurer has offered to pay the policyholder, the insurer is liable to the policyholder for up to $2,500 in attorney's fees for the attorney's participation in the neutral evaluation process.[6]

Accordingly, the Kopps may receive up to $2,500 for engaging in the neutral evaluation process. Here, the Kopps seek $1,602.00 in fees relating to the neutral evaluation process. Specifically, the Kopps seek fees for the work of Attorney Kelly Kubiak for 2.6 hours at $450.00 per hour for a total of $1,170.00 and for the work of a paralegal for 2.7 hours at $160.00 per hour for a total of $432.00. The Kopps, however, fail to properly support their fee request.

Florida has adopted the federal lodestar process for objectively determining a reasonable amount for an attorney's fee award. *See Fla. Patient's Compensation Fund v. Rowe*, 472 So.2d 1145, 1149-50 (Fla. 1985) (adopting the federal lodestar approach for calculating attorney's fees and delineating the process for determining reasonable attorney's fees). To compute an attorney's fee

---

[6] I also note Section 627.7074(15)(b) specifically provides that an insurer "is not liable for attorney's fees under Section 627.428 or other provisions of the insurance code unless the policyholder obtains a judgment that is more favorable than the recommendation of the neutral evaluator." The Kopps have not obtained such a judgment.

under the lodestar approach, the court determines the number of hours reasonably expended and multiplies that number by a reasonable hourly rate, which the party seeking fees carries the burden of establishing. *Id.* at 1150-51; *see also Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988). By their fee request, the Kopps failed to provide the Court with evidence of or an explanation as to the reasonableness of the hours expended or the hourly rate sought. Upon review, I find the number of hours expended by both the attorney and the paralegal reasonable as the hours reflect time used for preparation for the neutral evaluation process, correspondence between them and various entities relating to the neutral evaluation process, and procedural matters following the neutral evaluation process. The hourly rate requested for the work of both the attorney and the paralegal are, however, excessive. Instead, considering the facts of the case and the Court's own experience,[7] the hourly rate should be reduced to $300 per hour for Attorney Kelly Kubiak and $100 per hour for the paralegal, bringing the award of fees to $780 for the attorney and $270 for the paralegal, or $1,050.00 total.[8]

    2. *Costs*

Per Fed. R. Civ. P. Rule 54(d)(1), the Kopps also seek an award of costs in the amount of

---

[7] Where a lack of documentation or testimony supports the time or fees requested, the court may make the award on its own experience. *Norman,* 836 F.2d at 1303. As in this instance, where documentation is inadequate to support the request for attorney's fees, the court is not relieved of its obligation to award a reasonable fee but may make such an award without the need for further pleadings or an evidentiary hearing. *Id.*

[8] *See, e.g., Gonzalez v. Cooperativa de Seguros Mutliples de Puerto Rico, Inc.*, 2010 WL 2367221 *2 (M.D. Fla. June 14, 2010) (awarding attorney's fees under Section 627.428 where an initial dispute existed as to coverage under the insurance policy but, considering the facts of the case and the court's own experience, reducing the requested hourly rate to $375.00 per hour for the attorney and $100 per hour for the paralegal).

$791.40.[9] Their request fails for a couple of reasons. Notably, the Kopps have not filed the prerequisite bill of costs with the clerk. *See* WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 3D § 2679 (3d ed. 1998) ("The function of the court [pursuant to Rule 54(d)(1)] in the process of taxing costs is merely to review the determination of the clerk. Therefore, nothing normally can come before the court until the clerk has acted and an objection has been made."). Hence, that is enough to deny the motion. Irrespective, Rule 54(d) provides that costs, "unless the court otherwise directs," are to be awarded to the prevailing party. The Kopps can hardly be regarded as the prevailing party. *See Head v. Medford,* 62 F.3d 351, 354-355 (11th Cir. 1995) (for purposes of the rule, the prevailing party is usually the litigant in whose favor judgment is rendered or who obtains some relief). Clearly no judgment has been issued favoring the Kopps, and the resolution essentially favors the position Meritplan adopted at the outset of the instant litigation.

*C. Conclusion*

For the foregoing reasons, it is hereby

RECOMMENDED:

1. The Kopps' motion for entitlement of attorney's fees, costs and interest (doc. 26) be GRANTED IN PART and DENIED IN PART.

2. The Kopps be awarded attorney's fees in the amount of $1,050.00.

---

[9] In its response to the instant motion, Meritplan does not address the Kopps' entitlement to costs or the amount sought by the Kopps.

3.  In all other respects, the motion be denied.

IT IS SO REPORTED in Tampa, Florida, on January 14, 2011.

[signature: Mark A. Pizzo]
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).

cc: The Honorable Steven D. Merryday
      Counsel of Record